**Beremy JEAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–6421–ag.

United States Court of Appeals,
Second Circuit.

Feb. 7, 2006.

G. Victoria Calle, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Laura Fashing, Assistant United States Attorney, Albuquerque, New Mexico, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Beremy Jean, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA's decision affirms but supplements the IJ's disposition, we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004).

The IJ determined that Jean failed to meet his burden of proof because he failed to provide sufficiently detailed testimony with respect to essential aspects of his claim, his testimony was not consistent with his application, and he failed to corroborate his claims. The BIA cited several additional aspects of Jean's testimony that were not sufficiently detailed. Testimony is too vague if "it doesn't identify facts corresponding to each of the elements of one of the 'refugee' categories of the immigration statutes." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir. 2003). In this case, the IJ's finding that Jean failed to provide sufficiently detailed testimony goes to an essential element of Jean's asylum and withholding claims and is supported by substantial evidence in the record.

Because we find no flaw with the IJ's finding that Jean failed to provide sufficiently detailed testimony with respect to essential elements of his asylum and withholding claims, we need not determine whether the IJ's alternative bases for denying relief were proper. *See Cao He Lin*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

*v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Moreover, Jean does not challenge the denial of his CAT claim or request for voluntary departure in his brief to this Court, and any such challenges are therefore deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).